**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

South Carolina Department of Social Services, Respondent,

v.

Nellie M., Charles F., and "John Doe," Defendants,

Of whom Charles F. is the Appellant,

In the interest of a minor child under the age of 18.

Appellate Case No. 2011-201387

———————————

Appeal From Pickens County
Rochelle Y. Conits, Family Court Judge

———————————

Unpublished Opinion No. 2012-UP-583
Submitted October 1, 2012 – Filed October 18, 2012

———————————

**AFFIRMED**

———————————

John D. Harjehausen, of Clarkson, Walsh, Terrell & Coulter, P.A., of Greenville, for Appellant.

Patti A. Brady, of the South Carolina Department of Social Services, of Pickens, for Respondent.

———————————

**PER CURIAM:** Charles F. (Father), a noncustodial parent, appeals the family court's termination of his parental rights to his minor child (Child).  Father argues the family court erred in finding the South Carolina Department of Social Services (DSS) exercised reasonable efforts to notify him of Child's removal from Nellie M. (Mother).  Additionally, Father argues the family court erred in finding clear and convincing evidence supported three of the grounds for termination of parental rights (TPR), and in finding TPR was in Child's best interest.  We affirm.[1]

We find evidence supports the family court's finding that DSS exercised reasonable efforts in notifying Father of Child's removal.  *See* S.C. Code Ann. § 63-7-700(B)(1) (2010) ("If a noncustodial parent is not named as a party, the department shall exercise every reasonable effort to promptly notify the noncustodial parent that a removal proceeding has been initiated and of the date and time of any hearings scheduled pursuant to this subarticle.").  Initially, we note Father was living in another state and had never been involved in Child's life.  The *Ex Parte* removal hearing was held November 18, 2008, when Child was eight years old, and Mother did not provide DSS an address for Father.  DSS conducted an absent parent search prior to December 5, 2008, but was unable to find Father's address.  According to the affidavit of due diligence, DSS searched fifteen online databases and mailed five letters to organizations in the county they believed Father was living in.  DSS conducted a second absent parent search in April 2009, but was unable to find Father's address.  In April 2009, DSS learned Father was paying child support through a different county; it contacted the clerk's office and received Father's last known address, and mailed correspondence to that address.  However, this was not Father's correct address.  DSS was able to find Father after Mother moved in with him in June 2009, and nothing indicates DSS failed to provide Father proper notice following that time.  Accordingly, we believe DSS exercised reasonable efforts in notifying Father of Child's removal.

The family court may order TPR upon finding that one or more of eleven statutory grounds is satisfied and also finding that TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (2010 & Supp. 2011).  The grounds for TPR must be proven by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).  On appeal from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

family court's findings de novo, we are not required to ignore the fact that the trial court, who saw and heard the witnesses, was in a better position to evaluate their credibility. *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011). "[T]he best interests of the children are the paramount consideration." *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000). "The interests of the child shall prevail if the child's interest and the parental rights conflict." S.C. Code Ann. § 63-7-2620 (2010).

We find clear and convincing evidence shows Father willfully failed to visit Child. *See* S.C. Code Ann. § 63-7-2570 (3) (2010) (stating a statutory ground for TPR is met when the child has been out of the home for a period of six months and the parent has willfully failed to visit the child); *Charleston Cnty. Dep't of Soc. Servs. v. Jackson*, 368 S.C. 87, 97, 627 S.E.2d 765, 771 (Ct. App. 2006) ("Willful conduct is conduct that evinces a settled purpose to forego parental duties . . . because it manifests a conscious indifference to the rights of the child to receive support and consortium from the parent." (citation and internal quotation marks omitted)). Although the family court did not consider Father's conduct prior to his notification of Child's removal, we find it is a relevant consideration. *See Doe v. Roe*, 386 S.C. 624, 632, 690 S.E.2d 573, 577-78 (2010) (finding the father willfully failed to visit where he was aware he was the father but he failed to request visitation, and he waited nine months old to file an action for visitation); *id.* at 633, 690 S.E.2d at 578 (finding the father's failure to request visitation until nine months after his child's birth signified a conscious indifference to the rights and needs of his child). Mother and Father were dating when they found out she was pregnant. They separated shortly thereafter, and Father did not attempt to find out if it was his child. When Child was around five years old, Father learned he was Child's father after taking a court-ordered paternity test. Even then, he did not attempt to visit Child or form a relationship with her. It was only after he and Mother reunited in 2009, more than six months after Child had entered foster care, and when Child was almost nine years old, that he expressed an interest in visiting her. He met Child for the first time when she was nine years old. Even then, he did not diligently attempt to form a relationship with her: he had more than eighteen months between the time he received notice that Child was in foster care and the TPR hearing, yet he only visited Child four times. He asserts he was prevented from visiting more due to the distance between Kentucky and South Carolina; however, we find based on his income he could have made the trip more often than he did. Accordingly, we find clear and convincing evidence shows Father willfully failed to visit Child.

Since only one ground for TPR needs to be proven, we do not address the other grounds. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating if an appellate court's ruling on an issue is dispositive, rulings on remaining issues are unnecessary).

The record also supports the family court's finding that TPR is in Child's best interest. Although Father states he has a stable home and is willing to provide for Child, it is clear from the record he has not developed a relationship with her. He failed to visit with her or be a part of her life in any way until he learned she was in foster care. Even then, he only visited her four times in a twenty month period. We find his failure to attempt to form a relationship with Child during the first nine years of her life indicates a conscious indifference to her well-being. *See Doe*, 386 S.C. at 632-33, 690 S.E.2d at 578 (finding the father's failure to visit his child for nine months after the child was born signified a conscious indifference to the needs of the child, and therefore termination of parental rights was in the best interest of the child).

Based on the foregoing, we affirm the family court's order terminating Father's parental rights.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**